UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEXTER RAMONE TEAGUE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-00890-WTL-MJD ) |
| CORRECTIONS CORPORATION OF AMERICA, JOHN NOLL, | ) ) ) ) ) |
| Defendants. | ) |

**Entry Granting Defendants' Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Dexter Ramone Teague, a former inmate, alleges that the defendant, John Noll, was deliberately indifferent to Mr. Teague's serious medical condition when Mr. Noll failed to give Mr. Teague an injection of methotrexate to treat his rheumatoid arthritis ("RA"). He further alleges that defendant Corrections Corporation of America ("CCA") maintained a policy that denied methotrexate to inmates at Marion County Jail II in Indianapolis, Indiana. Dkt. 38.

The defendants moved for summary judgment. Mr. Teague responded with a motion to dismiss summary judgment. Because that filing is a response to the defendants' motion for summary judgment, **the clerk is directed** to administratively terminate the motion at dkt. 52. For the reasons explained below, the defendant's motion for summary judgment, dkt 49, is **granted**.

**I.
Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear,

whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary

judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson*, 477 U.S. at 255.

## II.
## Material Facts

Because the Court must view the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor, the following facts are not necessarily objectively true, but are construed in favor of Mr. Teague for the purposes of resolving the pending motion for summary judgment.

At the time of the incident at issue in this action, Mr. Teague was incarcerated at Marion County Jail II in Indianapolis, Indiana, which is run by CCA. Defendant John Noll is a nurse practitioner at the jail. Before arriving at Marion County Jail II, Mr. Teague had been incarcerated at the St. Joseph County Jail in South Bend, Indiana. While in the St. Joseph County Jail, Mr. Teague was prescribed methotrexate pills to treat his RA. He later began receiving methotrexate injections when the pills were no longer effective. The injections only provided temporary relief from his RA symptoms, but Mr. Teague wanted to continue receiving them nevertheless.

Mr. Teague arrived at Marion County Jail II ("Jail II") on June 9, 2016. During the intake process, he informed the staff that he had RA and that his medical records would confirm his treatment plan. When he was placed in a housing unit, and still was not receiving methotrexate,

he submitted a medical request form. In response, an unidentified nurse told him that the jail did not give inmates methotrexate. Instead, he was prescribed Tylenol and folic acid. Without the methotrexate injections, his RA symptoms worsened. On July 7, 2016, Mr. Teague was seen by defendant John Noll. Mr. Teague described his situation and Nurse Noll offered to give Mr. Teague an injection of methotrexate. Mr. Teague said he was worried that receiving an injection after several weeks without the drug might cause serious side effects because he originally had to build the amount he received over a period of time. Nurse Noll agreed that there might be some risk to receiving the methotrexate injection and did not give it to Mr. Teague. He asked if Mr. Teague wanted to see the doctor and Mr. Teague said yes. Mr. Teague never saw a doctor at Jail II. He was transferred out of Jail II "less than 48 hours" after being seen by Nurse Noll. Dkt. 50-2, p. 9.

## III.
## Discussion

### A. Deliberate Indifference Claim Against John Noll

Mr. Teague was a pre-trial detainee when the events described above occurred. This is relevant because the Seventh Circuit recently clarified that a pretrial detainee's medical care claim brought under the Fourteenth Amendment is subject only to the objective unreasonableness inquiry identified in *Kingsley v. Hendrickson*. 135 S. Ct. 2466 (2015). *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

Under *Miranda*, the proper inquiry is two-steps. "The first step, which focuses on the intentionality of the individual defendant's conduct, remains unchanged and 'asks whether the [] defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case.'" *McCann v. Ogle County, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (quoting *Miranda*, 900 F.3d at 353). In the second step, a plaintiff must

demonstrate the defendant's conduct was objectively unreasonable. *Miranda*, 900 F.3d at 353. This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have violated the plaintiff's rights and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable. *McCann*, 909 F.3d at 886. "A detainee must prove more than negligence but less than subjective intent– something akin to reckless disregard." *Miranda*, 900 F.3d at 353.

Nurse Noll argues that he is entitled to summary judgment because he only saw Mr. Teague once and that during the visit, Mr. Teague declined Nurse Noll's offer of methotrexate. As for the first prong of *Miranda*, there is no evidence that Nurse Noll was aware of Mr. Teague's need for RA medication until he examined Mr. Teague on July 7, 2016. There is no evidence that Nurse Noll had knowledge of Mr. Teague's condition before examining him. During that exam, Nurse Noll offered Mr. Teague the desired medication. When Mr. Teague raised concerns that Nurse Noll found valid, Nurse Noll offered to set up an appointment so that Mr. Teague could explore treatment options with a doctor. These actions by Nurse Noll were purposeful and knowing.

As to the second prong of *Miranda*, it was not objectively unreasonable for Nurse Noll to offer Mr. Teague the medication, to decide against giving it to Mr. Teague when Mr. Teague expressed reservations, and to offer to schedule an appointment with a doctor.

There is no genuine issue of material fact regarding Mr. Teague's deliberate indifference claim against John Noll. Nurse Noll was not deliberately indifferent to Mr. Teague's RA. Nurse Noll is therefore entitled to summary judgment on this claim.

### B. Policy Claim Against CCA

Because CCA acts under color of state law by contracting to perform a government function, i.e. managing correctional facilities, CCA is treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 fn.6 (7th Cir. 2002). "[M]unicipal governments [including counties] cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations committed by their employees. They can, however, be held liable for unconstitutional municipal policies or customs." *Simpson v. Brown County*, 860 F.3d 1001, 1005-6 (7th Cir. 2017) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978)).

Therefore, to state a cognizable deliberate indifference claim against CCA, Mr. Teague must establish that he suffered a constitutional deprivation as the result of an express policy or custom of CCA. Mr. Teague must show that CCA has: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a practice that is so wide-spread that, although not authorized by written or express policy, is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) an allegation that the constitutional injury was caused by a person with final policy making authority. *Estate of Moreland v. Dieter*, 395 F.3d 747, 758-759 (7th Cir. 2004). In addition, the failure to make policy itself may be actionable conduct. *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 381 (7th Cir. 2017).

For Mr. Teague to succeed on his policy claim, the Court must determine that CCA had a policy or custom that caused a constitutional injury. "The critical question under *Monell* … is whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it), or if instead the harm resulted from the acts of the entity's agents." *Glisson*, 849 F.3d at 379 (citing *Monell,* 436 U.S. 658 (1978) and *Los Angeles Cnty. v. Humphries,* 562 U.S. 29 (2010)). "Either

the content of an official policy, a decision by a final decisionmaker, or evidence of custom will suffice." *Id.*

An unidentified nurse denied Mr. Teague methotrexate. Mr. Teague asserts that the nurse said that the jail did not give inmates methotrexate. That assertion was later proved wrong when Nurse Noll offered Mr. Teague methotrexate. At his deposition, Mr. Teague denied that Jail II maintained a policy of denying inmates with RA appropriate medical treatment. He also confirmed that his practice or custom claim was based solely on his experience with the unidentified nurse. Dkt. 50-2, pp. 12-13. A single occurrence, as alleged here, is insufficient evidence of a widespread practice. *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010).

Perhaps the unidentified nurse was deliberately indifference to Mr. Teague's RA. But that nurse is not a defendant and CCA cannot be held liable for that nurse's actions in the absence of a policy or practice. *Simpson*, 860 F.3d at 1005-6 (there is no *respondeat superior* liability for municipal governments in § 1983 actions).

Mr. Teague does not assert that CCA maintained an express policy of denying inmates methotrexate and his evidence of a similar practice is insufficient because it is based solely on his interaction with the unidentified nurse. He does not allege that the unidentified nurse had final policy-making authority. *Estate of Moreland v. Dieter*, 395 F.3d 747, 758-759 (7th Cir. 2004). The undisputed facts demonstrate that Mr. Teague's policy and practice claim must fail and that the CCA is entitled to summary judgment.

### IV. Conclusion

For these reasons, the defendants' motion for summary judgment, dkt 49, is **granted**. Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/2/2019

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

DEXTER RAMONE TEAGUE
4161 Lathrop Street
South Bend, IN 46628

William A. Hahn
BARNES & THORNBURG LLP (Indianapolis)
william.hahn@btlaw.com